**R. YOUNG BROS. FEED CO. v. SEYMOUR.**

(Supreme Court, Appellate Division, Second Department. June 21, 1912.)

SALES (§ 288*)—FEED—IMPLIED WARRANTY—ACCEPTANCE.

An implied warranty that articles sold to be used as food for animals are fit for that purpose will not survive acceptance, so that it is the duty of the buyer to exercise reasonable diligence on delivery to ascertain the grade and condition of such material, provided an inspection will reveal it, and reject it promptly if it proves to be unfit, and if he does not, and a casual inspection would disclose its condition, he cannot accept it and recover damages for breach of warranty.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 817–823; Dec. Dig. § 288.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Westchester County Court.

Action by the R. Young Bros. Feed Company against William Seymour. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Humphrey J. Lynch, of White Plains, for appellant.

Clinton T. Taylor, of White Plains, for respondent.

BURR, J. Plaintiff sues to recover a balance remaining unpaid upon the contract price of a quantity of oats sold and delivered to defendant between May 4 and August 23, 1909. These oats were fed to defendant's horses. Defendant pleads as a counterclaim a breach of an implied warranty that the oats were fit to be used for food, and that three of his horses died as a result of eating the same, and demands as damages the value of such horses. The jury found a verdict for plaintiff for the contract price of the oats, less the value of one horse. Defendant appeals, asserting that as the jury must have found that the oats were unfit for food, and that as the special damages proved exceeded the amount of plaintiff's claim, no recovery should be allowed.

The oats in question were graded as No. 2 oats. Defendant claims that they were adulterated with barley. Plaintiff admitted that barley was mixed with the oats, and the weight of evidence would tend to establish the fact that it was sold as a mixture. However that may be, there was not a witness called on either side of this controversy, and the defendant may be included in the number, who did not testify that an almost casual inspection would disclose that this food was a mixture of oats and barley. If there is an implied warranty that articles sold to be used as food for animals are fit for the purpose (see 35 Cyc. 407, 408), such warranty will not survive acceptance (Waeber v. Talbot, 167 N. Y. 48, 60 N. E. 288, 82 Am. St. Rep. 712). It is therefore the duty of a vendee of such merchandise to exercise reasonable diligence in ascertaining its grade and condition, provided an inspection will reveal this, and to reject it promptly if it prove to be unfit. Ferguson v. Netter, 204 N. Y. 505, 98 N. E. 16. Defendant must take one horn of the dilemma or the other. Either he examined the mixture, and was satisfied with it, or he neglected to examine it, and accepted it without examination, and made use of it. If, therefore, the mixture was unfit to feed to horses, his cause of action upon the breach of the implied warranty is gone.

The great weight of the evidence in this case is to the effect that the mixture was not deleterious to health. We will not decide whether, if there had been a breach of an implied warranty which had survived to defendant at the time of this action, the damages claimed for the death of the three horses is not too remote; for there is no evidence upon which a jury could predicate a verdict that the death of either of the horses, except the one which last died, was the result of the use of this food, and even as to that the evidence

136 N.Y.S.—6

is somewhat doubtful. We think that the learned county judge would have been justified on the evidence in this case in directing a verdict for the full amount claimed. If any error was committed, it was not to the prejudice of the appellant.

The judgment and order of the County Court of Westchester County should be affirmed, with costs.

WOODWARD and RICH, JJ., concur. THOMAS, J., concurs in result. JENKS, P. J., not voting.